UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-15-FDW

| | |
|---|---|
| GRAYLIN HART KENION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LARRY KIBY, M.D., ) | ORDER |
| K. KISER, Head Nurse, ) | |
| TIM KERLEY, Superintendent, ) | |
| Catawba Correctional Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On February 24, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

    **I.**    **BACKGROUND**

Pro se Plaintiff Graylin Hart Kenion is an inmate of the State of North Carolina, currently incarcerated at Southern Correctional Institution in Troy, North Carolina. Plaintiff filed this action on February 2, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Larry Kiby, identified as a medical doctor at Catawba Correctional Center ("Catawba"); (2) K. Kiser, identified as the head nurse at Catawba; and (3) Tim Kerley, identified as the Superintendent of Catawba. (Doc. No. 1 at 3). Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs while Plaintiff was incarcerated at Catawba. Specifically, Plaintiff alleges that on April 11, 2014, Plaintiff went to

1

get his diabetic insulin shot at the appointed time, but that a person identified as "Sergeant Pritchett," who is not named as a Defendant, refused to let Plaintiff get his insulin shot. (Id. at 4). Plaintiff alleges that Defendant Dr. Kiby prescribes the time the treatment is needed for Plaintiff's shots, and that no medical staff was present at the time Plaintiff went to get his shot on April 11, 2014. Plaintiff also alleges that on April 19, 2014, Sergeant Pritchett again refused to give Plaintiff his insulin shot at the appointed time. Plaintiff alleges that "the state is allowing untrained officers to make the decision on when and how medications are given," and he alleges that Defendants violated his Eighth Amendment rights. (Id.). Plaintiff has attached a grievance he filed based on the failure to give him his insulin shots. Medical staff at the prison responded by stating, "Medical staff was consulted and was determined that you are required to check your blood sugar on Mondays, Wednesday, and Fridays and that you get insulin shots twice a day; once in the AM and once in the PM. Sgt. Pritchett was advised of this and there should be no further issues." (Doc. No. 1-3 at 2). As for requested relief, Plaintiff alleges that he will "leave it up to the court [to determine if] any money is warranted." (Doc. No. 1 at 4).

II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its

frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1992)). This is a low standard, as the Supreme Court emphasized that "[p]rison conditions may be restrictive and even harsh." Id. at 833 (internal quotations omitted). To sustain an Eighth Amendment claim, a prisoner must show (1) that the deprivation was objectively sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations omitted). Thus, "[d]eliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001).

Plaintiff fails to state a claim for deliberate indifference to serious medical needs as to Defendants. Here, Plaintiff alleges only two incidents when he was allegedly denied his right to have his insulin shot at his prescribed time. Allegations of two, isolated incidents of Plaintiff being refused his insulin shot at the prescribed time do not rise to the level of deliberate indifference sufficient to violate the Eighth Amendment. See Mayweather v. Foti, 958 F.2d 91,

3

91 (5th Cir. 1992) (holding that an occasional missed dose of medication does not, without more, constitute deliberate indifference); Bellotto v. Cnty. of Orange, 248 Fed. Appx. 232, 237 (2d Cir. 2007) (finding that the county jail did not show deliberate indifference to medical condition of pretrial detainee, when he missed doses of medication due to inadequate monitoring, when the only effect was an anxiety attack, which was not acute and resulted in no physical injuries); Walker v. Peters, 233 F.3d 494, 501 (7th Cir. 2000) (holding that isolated incidents of delay in administering medications did not amount to deliberate indifference); Brandau v. Price, 124 F.3d 191 (5th Cir. 1997) (unpublished table decision) (upholding district court's grant of summary judgment where the plaintiff alleged defendants were deliberately indifferent to his serious medical needs by depriving him of prescribed psychotropic medication for three days); Sprinkle v. Barksdale, No. 7:08cv430, 2009 WL 5173408, at *10 (W.D. Va. Dec. 20, 2009) ("If occasionally, [the nurse defendants] did not deliver a dose of medication as promptly as scheduled, brought a slightly incorrect dose, or allowed the prescription to run out, such isolated incidents, without more, support at most a claim of negligence, which is not actionable under § 1983."); Steelman v. Baker, No. 9:05cv244, 2006 WL 483563, at *4 (E.D. Tex. Feb. 28, 2006) ("While there may have been at times a brief delay in getting some of these medications renewed, and [Plaintiff] also said that he sometimes did not get all the medications required (although he was not specific as to dates, times, or any harm suffered in this regard), he has failed to show that these apparently isolated incidents rose to the level of constitutionally deliberate indifference to his medical needs, rather than negligence or carelessness.").

Furthermore, the Court notes that, as to each individual named as a Defendant in this action, Plaintiff does not allege any personal participation in the alleged unconstitutional conduct whatsoever by any of the three Defendants. Indeed, the factual allegations in the Complaint do

4

not even mention Defendants Kerley or Kiser. Plaintiff appears to have named Kerley and Kiser based solely on their respective supervisory roles as the superintendent and head nurse at Catawba. It is well settled, however, that respondeat superior is not applicable in Section 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, Defendants cannot be held liable based merely on their positions as supervisors. Finally, as to Dr. Kiby, Plaintiff alleges that Dr. Kiby has prescribed certain times when Plaintiff is required to receive his insulin shots. See (Doc. No. 1 at 4). The Complaint does not allege any personal participation by Dr. Kiby in the alleged refusal to give Plaintiff his insulin shots at the prescribed time. In sum, Plaintiff's allegations fail to state a claim against Defendants for an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff fails to state a claim for deliberate indifference to serious medical needs and this action will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e).
2. The Clerk is directed to terminate this action.

Signed: May 13, 2015

Frank D. Whitney
Chief United States District Judge